**HOE XUAN NGUYEN, Plaintiff–Appellant,**

v.

**NORTHERN LIFE INSURANCE; et al., Defendants–Appellees.**

No. 06–35424.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 11, 2007.

Hoe Xuan Nguyen, Webster, TX, pro se.

Sheryl J. Willert, Esq., Sheryl J. Willert, Esq., Jeffrey R. Johnson, Esq., Todd R. Sorensen, Esq., Williams Kastner & Gibbs, PLLC, Seattle, WA, for Defendants–Appellees.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM \*\*

Hoe Xuan Nguyen appeals pro se from the district court's summary judgment for Northern Life Insurance Company and Reliastar Life Insurance in Nguyen's action alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* on account of his race. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Cornwell v. Electra Cent. Credit Union,* 439 F.3d 1018, 1028 n. 4 (9th Cir. 2006). We affirm.

The district court properly granted summary judgment on Nguyen's hostile work environment claim because Nguyen did not present sufficient evidence of mistreatment to raise a triable issue. *See Manatt v. Bank of America, NA,* 339 F.3d 792, 798–99 (9th Cir.2003) (concluding that the conduct of plaintiff's co-workers "was neither severe nor pervasive enough to alter the conditions of [his] employment").

Furthermore, it is undisputed that Nguyen never reported to his employer any feelings of racial discrimination against him. *See Brooks v. City of San Mateo,* 229 F.3d 917, 924 (9th Cir.2000) (noting that where an employer has no notice of unlawful conduct, the employer cannot have sanctioned the conduct).

The district court properly granted summary judgment as to Nguyen's disparate treatment claim because Nguyen did not produce sufficient evidence to create a triable issue as to whether defendants discharged him because he is of Vietnamese

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

descent. *See Cornwell,* 439 F.3d at 1028–32 (discussing *McDonnell Douglas's* burden-shifting framework for purposes of summary judgment). Defendants offered evidence that they discharged Nguyen for performance reasons, and Nguyen presented no evidence of pretext. *See id.* at 1028.

Nguyen did not file a motion requesting that the district court judge recuse himself, and the district court judge had no obligation to recuse himself merely because he was a member of the same ethnic group as potential witnesses. *See* 28 U.S.C. § 455(a) (requiring recusal where judge's impartiality might reasonably be questioned).

Nguyen's remaining contentions lack merit.

**AFFIRMED.**

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.